FORM 550 (REV. 6-82)  8225607336  Lender Loan No. 960/015  Sept. 30, 19 82

# PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY
## PROMISSORY NOTE WITH DISCLOSURE

**STUDENT BORROWER**

SEP 06 1985

MARK M. METZ
5700 BUNKERHILL ST 707
PITTSBURGH, PA  15206

CAUTION! THIS GUARANTY RESCINDS A PREVIOUS GUARANTY

SS# 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  FILE NO. 82036075

16/517

I, the undersigned (hereinafter referred to as "Borrower"), for value received, promise to pay to the order of:

MARINE BANK
BOX 800
EDINBORO, PA  16412

B09901

**LOAN GUARANTY**

The Pennsylvania Higher Education Assistance Agency has reviewed this loan application submitted by the above referenced student.
THE LOAN GUARANTY IS APPROVED BY THIS AGENCY AS FOLLOWS:

THIS NOTE RESCINDS PREVIOUS NOTICE FOR
APPLICATION BEARING THE ABOVE FILE NO.
GUARANTY AMOUNT:    $932
APPROVAL DATE: 09/13/82
SCHOOL: EDINBORO STATE COLL - 011026
ENROLLMENT PERIOD: 01/01/82 TO 05/30/82
1ST YR UNDERGRAD ACADEMIC GRADE LEVEL
EXPECTED GRADUATION DATE: 05/85
ELIGIBLE FOR INTEREST SUBSIDY
NEW APPLICATION

hereinafter referred to as "Lender"), all of the principal sum of $ 932 to the extent it is actually disbursed, with simple interest at the rate of 9 percent per annum until paid, together with any and all charges which may become due as provided in this Note. Borrower may at any time prepay all or any part of the unpaid balance without penalty.

Lender and Borrower agree to the following terms relative to this Note:

### I. INSURANCE PREMIUM
Borrower will pay to Lender the insurance premium ("Prepaid Finance Charge") as set forth in the Disclosure and Disbursement Schedule of this Note on or before the date of disbursement of the loan proceeds as payment for PHEAA's promise to the lender to guarantee this Note. In case of multiple disbursements, Borrower will pay to Lender the premium for each disbursement when made. Payment for the premium may be withheld from the principal amount of the disbursement or separately charged as requested by Lender.

### II. ORIGINATION FEE
Borrower will pay to Lender a fee ("Prepaid Finance Charge") authorized by federal law, equal to 5% of the loan amount. The Lender may deduct this fee from the proceeds of the loan. If the Lender disburses the loan in multiple installments, the Lender will deduct this fee in an amount equal to 5% of the principal amount of each disbursement. If the loan is cancelled, or reduced in any way, the Borrower is entitled to a rebate of the origination fee under the following rules. If the Borrower returns the lender's check uncashed, a full refund of the origination fee will be made without a limit upon the passage of time. In the situation where the check is not returned, no rebate will be given on cancellations or prepayments. If the Borrower paid the origination fee "out of pocket", then any refund should be made directly to the Borrower. If the origination fee was deducted from the principal, refunds must be credited against the account.

With the Agency's approval herein contained and upon your making such loan, the repayment thereof will be guaranteed by this Agency in accordance with the terms of The Loan Guaranty Agreement between this Agency and your lending institution.

*Kenneth R. Reeher*

Kenneth R. Reeher
EXECUTIVE DIRECTOR

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | Amount Financed The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5 or 5% of the payment, whichever is less. |
|---|---|---|
| Prior to Repayment: 2.23% During Repayment: 9% | $ 870.64 | Prepayment: If you pay off early, you ☐ may ☒ will not have to pay a penalty ☒ may ☐ will not be entitled to a refund of part of the finance charge. See this promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 870.64

Loan Amount $ 932.00   Less: Prepaid Finance Charge $ 61.36   Equals: Amount Paid To you $ 870.64
Includes:
Insurance Premium $ 14.76
Origination Fee $ 46.60
( 5 % of Loan Amount)

### III. GRACE PERIOD
Repayment of the loan evidenced by this Note will not be required until after the grace period set forth herein has expired. The grace period will not commence so long as Borrower maintains continuous attendance at an approved school at least on a half-time basis.
(a) If Borrower has obtained a loan on which the interest rate is more than 7 percent per annum, Borrower is entitled to a grace period, after ceasing attendance on at least a half-time basis, of six (6) months.
(b) If Borrower has obtained a loan on which the interest rate is 7 percent, Borrower is entitled to a grace period, after ceasing school attendance on at least a half-time basis, of not less than nine (9) months and not more than twelve (12) months.
For the purpose of this Note, an approved school or program is one approved by the United States Secretary of Education for participation in the Guaranteed Student Loan Program.

**Multiple Disbursement Schedule**

| DISBURSEMENT | ESTIMATED DATE OF DISBURSEMENT | PRINCIPAL AMOUNT OF DISBURSEMENT | PREPAID FINANCE CHARGE INSURANCE PREMIUM | ORIGINATION FEE | AMOUNT FINANCED (NET PROCEEDS TO BORROWER) |
|---|---|---|---|---|---|
| 1st Disbursement | 9-30-82 | $932.00 | $14.76 | $46.60 | $ 870.64 |
| 2nd Disbursement | | $ | $ | $ | $ |
| 3rd Disbursement | | $ | $ | $ | $ |

### IV. REPAYMENT
**A. Commencement of Repayment.** Borrower agrees that at least 120 days prior to the expiration of the grace period, as set forth above, Borrower will contact Lender to establish a repayment schedule. Borrower agrees to sign PHEAA Form 600R to evidence the particular terms and conditions of repayment agreed upon between Borrower and Lender. Failure of Borrower to sign PHEAA Form 600R before the expiration of the grace period shall entitle the legal holder hereof to declare the full amount of this Note immediately due and payable and to proceed to collect the same at once. In addition, should Borrower fail to attend an approved school on at least a half-time basis for the enrollment period covered by the loan evidenced herein, the full amount of this Note shall be immediately due and payable to the legal holder hereof.

4. If borrower repays this loan in full so that at least two years worth of insurance premium will be rebated to borrower by PHEAA by the pro rata method.

5. Borrower may, at borrower's option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time and would therefore be entitled to a rebate of any unearned interest that borrower has paid, and the rebate would be computed during the repayment period by the following method. (Not to be completed if the Simple Interest method is used.)

X ____ Sum of the Digits Formula (Rule of 78ths) ____ Other (identify) ____

**B. Repayment Period.** Borrower agrees to repay this loan within fifteen (15) years of the date of this Note. The repayment period shall be for a period of at least five (5) but not more than ten (10) years to commence at the expiration of the grace period.
Borrower may request and Lender may grant a repayment period of less than five (5) years and Borrower shall have the right subsequently to receive the full five (5) year period for repayment if Borrower so chooses.
Lender may require a repayment period of less than five (5) years to assure payment of at least $600 per year on the outstanding balance. Should Borrower and his/her spouse each be making payments on their Guaranteed Student Loans, this requirement shall be met if both parties together pay a sum equal to $600 per year in repayment of their respective loans.
Any deferment obtained in compliance with Section V herein shall not be computed as part of the repayment period.
The terms for repayment set forth in this section are not applicable after this Note has been declared in default. Acceptance by Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of Lender's other rights as set forth in this Note.

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE, INCLUDING ALL THE DISCLOSURES AND THE BORROWER'S RIGHTS AND RESPONSIBILITIES; AND I HAVE RAISED ANY QUESTIONS IF NOT UNDERSTOOD.

X *Mark Metz* (SEAL)
SIGNATURE OF BORROWER

X Sept. 30, 1982
DATE

X 5700 Bunkerhill Apt. 707
STREET ADDRESS

X Pgh.      PA       15206
CITY        STATE    ZIP CODE

**LENDER COPY**

EXHIBIT B

## V. DEFERMENT

A    Lender may defer Borrower's duty to repay under the terms of this Note after the repayment period has begun if written proof acceptable to Lender is submitted by Borrower to evidence any of the following conditions:
   (1)   Enrollment by Borrower in full-time study in an approved school unless Borrower is not a United States citizen or national and is not attending a school located in the United States;
   (2)   Enrollment by Borrower in an approved graduate fellowship program or an approved rehabilitation training program for disabled individuals.
   (3)   Service by Borrower (a) on active duty in the United States Armed Services or as an officer in the Commissioned Corps of the U.S. Public Health Service, (b) as a volunteer for the Peace Corps, (c) as a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION Programs), or (d) as a full-time volunteer in service comparable to that in Peace Corps or ACTION Programs for an organization with tax-exempt status under Section 501(c)(3) of the Internal Revenue Code of 1954. A deferment under each category referenced in this subsection shall not exceed three (3) years;
   (4)   Service by Borrower in an internship approved by the U.S. Secretary of Education, the successful completion of which is a prerequisite to begin professional practice or service. A deferment under this subsection shall not exceed two (2) years;
   (5)   * Inability on the part of Borrower to find full-time employment in the United States despite conscientious efforts to seek such employment. A deferment under this subsection shall not exceed one (1) year and shall be granted only once;
   (6)   Temporary total disability of Borrower as established by sworn statement of a qualified physician or temporary total disability of Borrower's spouse so established if Borrower is unable to secure employment because of the need to care for his/her spouse. A deferment under this subsection shall not exceed three (3) years.
B    Borrower is required to notify the holder of this Note promptly, in writing, as soon as the condition for which the deferment was granted no longer exists.

## VI. FORBEARANCE

Should Borrower experience financial difficulties in meeting the repayment schedule, Borrower may request and Lender may grant Borrower a short period during which no payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

## VII. INTEREST

Interest will begin to accrue on the loan evidenced by this Note on the day on which funds are disbursed. If this loan is determined to be eligible for federal interest subsidy, interest will be collected from the United States government prior to expiration of the grace period and during any deferment period. Any interest not payable by the United States government is payable by Borrower periodically as directed by Lender. Upon the written approval of PHEAA, Lender may allow Borrower to defer all interest payments until repayment of the loan becomes due. The holder may add any interest that is not paid when it is due to the unpaid principal balance of this loan in accordance with Federal regulations governing the Guaranteed Student Loan Program.

## VIII. COLLECTION CHARGES

Borrower agrees to pay the following amounts if delinquent in making payments when due or if this Note is declared in default:
   (a)   A late charge of $5.00 or 5 percent of the payment due, whichever is less, for any payment not received by holder of Note within ten (10) days after it is due;
   (b)   Reasonable collection costs incurred by holder of Note in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and the costs of telegrams and long-distance telephone calls.

## IX. TRANSFER OF NOTE

This Note may be transferred to a holder other than Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. Lender will notify Borrower of any such transfer in writing.

*For value received, we hereby assign our right, title, and interest in the within note to the P.H.E.A.A. without warranty and without recourse.*

*MARINE BANK*

## X. CANCELLATION

The obligation to repay the loan evidenced by this Note shall be cancelled:
   (a)   Upon submission to Lender of documentation of Borrower's death;
   (b)   Upon the acceptance by PHEAA of the statement of a physician verifying the total and permanent disability of Borrower;
   (c)   Upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy, provided that notice to Lender and to PHEAA of the filing of bankruptcy is received in sufficient time to permit PHEAA to participate in the bankruptcy.

## XI. DEFAULT

This Note may be declared in default at any time if it is determined that Borrower has failed to establish a repayment schedule as set forth in Section IV above or that Borrower has failed to make an installment payment when due, provided that Borrower's failure persists for (a) 120 days if payments are due in monthly installments, or (b) 180 days if payments are due in installments less frequently than monthly, or Borrower has failed to meet other terms of this Note under circumstances where the Pennsylvania Higher Education Assistance Agency (PHEAA) finds it reasonable to conclude that Borrower no longer intends to honor the obligation to repay. If Borrower defaults, Lender will request PHEAA to purchase the loan, in which event Borrower will owe the entire balance of the loan including interest directly to PHEAA. Lender or PHEAA may report Borrower's failure to pay the loan to any credit bureau with whom it has contracted to report credit information concerning defaulted student loans. If Borrower fails to repay the loan evidenced by this Note, either Lender, PHEAA, or the Federal Government may institute legal action to require Borrower to repay the loan. Default in repayment may also adversely affect Borrower's credit rating.

## XII. GENERAL

A    Borrower shall receive an exact copy of this Note, the terms of which are to be interpreted in accordance with applicable federal statutes and regulations regarding the Guaranteed Student Loan Program. Lender will make copies of applicable laws and regulations available for Borrower to inspect upon Borrower's request.
B    Borrower agrees to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by Borrower in attending an approved school. Borrower further agrees to observe and comply with all rules and regulations adopted by PHEAA relating to the Guranteed Student Loan Program and to advise PHEAA and Lender promptly in writing of any change in name, address, school enrollment or deferment status, as described in paragraph (3) of the Statement of Borrower's Responsibilities appended hereto.
C    Borrower hereby authorizes Lender to make multiple disbursements of this loan, to make disbursements by check payable jointly to Borrower and the school where Borrower is enrolled, and to obtain information concerning Borrower's enrollment status and address from the school in which Borrower is enrolled. The loan check will require Borrower's endorsement, but, unless Borrower is attending a foreign school, the Lender may mail the check to the school.
D    Borrower acknowledges that pursuant to the Act of August 7, 1963, P.L. 549, Borrower is legally obligated to pay this Note even though he/she is less than twenty-one (21) years of age.

## STATEMENT OF BORROWER'S RIGHTS

(1)   The academic grade level (annual) maximum loan amounts for full-time enrollment are: undergraduate students—$2,500 and graduate students—$5,000. Aggregate loan amounts for undergraduate students may not exceed $12,500, and graduate students may borrow up to $25,000 (including loans obtained at the undergraduate level). Students enrolled less than full time but at least half time may borrow up to one-half the annual loan amounts per academic year. These loan limits are subject to change at any time by federal or state legislation or by PHEAA.
(2)   I may request that my Guaranteed Student Loans, as well as my National Defense/Direct Student Loans and Health Education Assistance Loans, be consolidated into one, longer-term loan to be made by the Student Loan Marketing Association (SLMA) if I have outstanding a total of more than $5,000 of these loans either (a) under more than one program, (b) from more than one lender, or (c) insured by more than one guarantor. Also, if I have outstanding Guaranteed Student Loans in excess of $7,500 from a single lender, I may request that SLMA consolidate them into a new loan. Additional details on how this would affect my payment schedule and interest rate are available from the Student Loan Marketing Association, 1055 Thomas Jefferson Street, N.W., Washington, D.C. 20007.
(3)   I should investigate the availability of other forms of financial aid with the school's financial aid administrator. It may be to my benefit to determine my eligibility for grant, work-study and other sources of assistance before accepting a student loan. I understand that receipt of a Guaranteed Student Loan may eliminate or reduce any awards that I may receive from other programs.
(4)   The Guaranteed Student Loan Program does not have provisions which enable this loan to be cancelled or forgiven in whole or in part for teaching or any other type of employment.
(5)   I am not required to provide security for this loan. The lender may not require an endorser to sign the Promissory Note with Disclosure.

## STATEMENT OF BORROWER'S RESPONSIBILITIES

(1)   I must use care in choosing a school. Each school must provide a prospective student with information about the school and its program. I will consider this information carefully before deciding to attend a specific school. I understand that PHEAA or the United States Government does not vouch for the quality of a school or its programs.
(2)   I must repay the loan in accordance with the repayment schedule that the lender will give me prior to the time this note becomes due.
(3)   I must notify the lender promptly, in writing, if any of the following events occur before the loan is repaid: (a) my failure to enroll in school for the period for which the loan was intended; (b) my withdrawal from school or my attendance in school on less than a half-time basis; (c) my transfer from one school to another school; (d) my graduation from school, (e) a change in my name (e.g., maiden name to married name); and (f) a change of my address. I further understand that I may be required to have the school verify my change in status.

If my lender has any additional limitations, the lender will provide me with a separate statement of those limitations.

FORM 550 (REV. 7-82)  82279282  Lender Loan No. 76020/5  Oct. 22, 1982

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY**
**PROMISSORY NOTE WITH DISCLOSURE**

STUDENT BORROWER

MARK M. METZ  161517
5700 BUNKER HILL  SEP 06 1985
APT 131
PITTSBURGH, PA  15206
SS# 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  FILE NO. 82216044

I, the undersigned (hereinafter referred to as "Borrower"), for value received, promise to pay to the order of:

MARINE BANK
BOX 800
EDINBORO, PA  16412

B09901

**LOAN GUARANTY**
The Pennsylvania Higher Education Assistance Agency has reviewed this loan application submitted by the above referenced student.
THE LOAN GUARANTY IS APPROVED BY THIS AGENCY AS FOLLOWS:

GUARANTY AMOUNT:  $1,776
APPROVAL DATE: 10/06/82
SCHOOL: EDINBORO STATE COLL - 011026
ENROLLMENT PERIOD: 09/01/82 TO 05/30/83
2ND YR UNDERGRAD ACADEMIC GRADE LEVEL
EXPECTED GRADUATION DATE: 05/85
ELIGIBLE FOR INTEREST SUBSIDY
RENEWAL APPLICATION

(hereinafter referred to as "Lender"), all of the principal sum of $ 1,776 to the extent it is actually disbursed, with simple interest at the rate of 9 percent per annum until paid, together with any and all charges which may become due as provided in this Note. Borrower may at any time prepay all or any part of the unpaid balance without penalty.

Lender and Borrower agree to the following terms relative to this Note:

**I. INSURANCE PREMIUM**

Borrower will pay to Lender the insurance premium ("Prepaid Finance Charge") as set forth in the Disclosure and Disbursement Schedule of this Note on or before the date of disbursement of the loan proceeds as payment for PHEAA's promise to guarantee this Note. In case of multiple disbursements, Borrower will pay to Lender the premium for each disbursement when made. Payment for the premium may be withheld from the principal amount of the disbursement or separately charged as requested by Lender.

**II. ORIGINATION FEE**

Borrower will pay to Lender a fee ("Prepaid Finance Charge") authorized by federal law, equal to 5% of the loan amount. The Lender may deduct this fee from the proceeds of the loan. If the Lender disburses the loan in multiple installments, the Lender may deduct this fee in an amount equal to 5% of the principal amount of each disbursement. If the loan is cancelled, or reduced in any way, the Borrower is entitled to a rebate of the origination fee under the following rules. If the Borrower returns the lender's check uncashed, a full refund of the origination fee will be made without a limit upon the passage of time. In the situation where the check is not returned, no rebate will be given on cancellations or prepayments. If the Borrower paid the origination fee "out of pocket", then any refund should be made directly to the Borrower. If the origination fee was deducted from the principal, refunds must be credited against the account.

With the Agency's approval herein contained and upon your making such loan, the repayment thereof will be guaranteed by this Agency in accordance with the terms of The Loan Guaranty Agreement between this Agency and your lending institution.

*Kenneth R. Reeher*
Kenneth R. Reeher
EXECUTIVE DIRECTOR

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | Amount Financed The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5 or 5% of the payment, whichever is less. Prepayment: If you pay off early, you [ ] may [X] will not  have to pay a penalty [X] may [ ] will not  be entitled to a refund of part of the finance charge. See this promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |
|---|---|---|
| Prior to Repayment 2.32 % / During Repayment 9 % | $ 1660.56 | |

Loan Amount $ 1776.00   Itemization of the Amount Financed of $ 1660.56
Less: Prepaid Finance Charge $ 115.44   Equals: Amount Paid To you $ 1660.56
Includes:
Insurance Premium $ 26.64
Origination Fee $ 88.80
5 % of Loan Amount

**III. GRACE PERIOD**

Repayment of the loan evidenced by this Note will not be required until after the grace period set forth herein has expired. The grace period will not commence so long as Borrower maintains continuous attendance at an approved school at least on a half-time basis.
(a) If Borrower has obtained a loan on which the interest rate is more than 7 percent per annum, Borrower is entitled to a grace period, after ceasing attendance on at least a half-time basis, of six (6) months.
(b) If Borrower has obtained a loan on which the interest rate is 7 percent, Borrower is entitled to a grace period, after ceasing school attendance on at least a half-time basis, of not less than nine (9) months and not more than twelve (12) months.
For the purpose of this Note, an approved school or program is one approved by the United States Secretary of Education for participation in the Guaranteed Student Loan Program.

**Multiple Disbursement Schedule**

| DISBURSEMENT | ESTIMATED DATE OF DISBURSEMENT | PRINCIPAL AMOUNT OF DISBURSEMENT | PREPAID FINANCE CHARGE INSURANCE PREMIUM | PREPAID FINANCE CHARGE ORIGINATION FEE | AMOUNT FINANCED (NET PROCEEDS TO BORROWER) |
|---|---|---|---|---|---|
| 1st Disbursement | 10-22-82 | $ 888.00 | $ 13.69 | $ 44.40 | $ 829.91 |
| 2nd Disbursement | 12-1-82 | $ 888.00 | $ 12.95 | $ 44.40 | $ 830.65 |
| 3rd Disbursement |  | $ | $ | $ | $ |

4. If borrower repays this loan in full so that at least two years worth of insurance premium remains unused, the unused insurance premium will be rebated to borrower by PHEAA by the pro rata method.

5. Borrower may, at borrower's option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time and would therefore be entitled to a rebate of any unearned interest that borrower has paid, and the rebate would be computed during the repayment period by the following method. (Not to be completed if the Simple Interest method is used.)
XX  Sum of the Digits Formula (Rule of 78ths)
____ Other (identify)

**IV. REPAYMENT**

A. **Commencement of Repayment.** Borrower agrees that at least 120 days prior to the expiration of the grace period, as set forth above, Borrower will contact Lender to establish a repayment schedule. Borrower agrees to sign PHEAA Form 600R to evidence the particular terms and conditions of repayment agreed upon between Borrower and Lender. Failure of Borrower to sign PHEAA Form 600R before the expiration of the grace period shall entitle the legal holder hereof to declare the full amount of this Note immediately due and payable and to proceed to collect the same at once. In addition, should Borrower fail to attend an approved school on at least a half-time basis for the enrollment period covered by the loan evidenced herein, the full amount of this Note shall be immediately due and payable to the legal holder hereof.

B. **Repayment Period.** Borrower agrees to repay this loan within fifteen (15) years of the date of this Note. The repayment period shall be for a period of at least five (5) but not more than ten (10) years to commence at the expiration of the grace period.
Borrower may request and Lender may grant a repayment period of less than five (5) years and Borrower shall have the right subsequently to receive the full five (5) year period for repayment if Borrower so chooses.
Lender may require a repayment period of less than five (5) years to assure payment of at least $600 per year on the outstanding balance. Should Borrower and his/her spouse each be making payments on their Guaranteed Student Loans, this requirement shall be met if both parties together pay a sum equal to $600 per year in repayment of their respective loans.
Any deferment obtained in compliance with Section V herein shall not be computed as part of the repayment period.
The terms for repayment set forth in this section are not applicable after this Note has been declared in default. Acceptance by Lender of any delinquent payments shall not extend the time of payment for any amount remaining unpaid and shall not constitute a waiver of any of Lender's other rights as set forth in this Note.

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE, INCLUDING ALL THE DISCLOSURES AND THE BORROWER'S RIGHTS AND RESPONSIBILITIES; AND I HAVE RAISED ANY QUESTIONS IF NOT UNDERSTOOD.

X *Mark Metz*  (SEAL)
SIGNATURE OF BORROWER

X Oct. 22, 1982
DATE

X 5700 Bunker Hill
STREET ADDRESS

X Pgh.    PA    15206
CITY  STATE  ZIP CODE

ED-888 5/82  **LENDER COPY**

## V. DEFERMENT

A. Lender may defer Borrower's duty to repay under the terms of this Note after the repayment period has begun if written proof acceptable to Lender is submitted by Borrower to evidence any of the following conditions:
(1) Enrollment by Borrower in full-time study in an approved school unless Borrower is not a United States citizen or national and is not attending a school located in the United States;
(2) Enrollment by Borrower in an approved graduate fellowship program or an approved rehabilitation training program for disabled individuals;
(3) Service by Borrower (a) on active duty in the United States Armed Services or as an officer in the Commissioned Corps of the U.S. Public Health Service, (b) as a volunteer for the Peace Corps, (c) as a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION Programs); or (d) as a full-time volunteer in service comparable to that in Peace Corps or ACTION Programs for an organization with tax-exempt status under Section 501(c)(3) of the Internal Revenue Code of 1954. A deferment under each category referenced in this subsection shall not exceed three (3) years;
(4) Service by Borrower in an internship approved by the U.S. Secretary of Education, the successful completion of which is a prerequisite to begin professional practice or service. A deferment under this subsection shall not exceed two (2) years;
(5) Inability on the part of Borrower to find full-time employment in the United States despite conscientious efforts to seek such employment. A deferment under this subsection shall not exceed one (1) year and shall be granted only once;
(6) Temporary total disability of Borrower as established by sworn statement of a qualified physician or temporary total disability of Borrower's spouse so established if Borrower is unable to secure employment because of the need to care for his/her spouse. A deferment under this subsection shall not exceed three (3) years.
B. Borrower is required to notify the holder of this Note promptly, in writing, as soon as the condition for which the deferment was granted no longer exists.

## VI. FORBEARANCE

Should Borrower experience financial difficulties in meeting the repayment schedule, Borrower may request and Lender may grant Borrower a short period during which no payments must be made, a longer period of time in which to complete repayment, or payment of smaller monthly installments than originally agreed upon.

## VII. INTEREST

Interest will begin to accrue on the loan evidenced by this Note on the day on which funds are disbursed. If this loan is determined to be eligible for federal interest subsidy, interest will be collected from the United States government prior to expiration of the grace period and during any deferment period. Any interest not payable by the United States government is payable by Borrower periodically as directed by Lender. Upon the written approval of PHEAA, Lender may allow Borrower to defer all interest payments until repayment of the loan becomes due. The holder may add any interest that is not paid when it is due to the unpaid principal balance of this loan in accordance with Federal regulations governing the Guaranteed Student Loan Program.

## VIII. COLLECTION CHARGES

Borrower agrees to pay the following amounts if delinquent in making payments when due or if this Note is declared in default:
(a) A late charge of $5.00 or 5 percent of the payment due, whichever is less, for any payment not received by holder of Note within ten (10) days after it is due;
(b) Reasonable collection costs incurred by holder of Note in attempting to collect any overdue amount. These costs may include attorney's fees, court costs, and the costs of telegrams and long-distance telephone calls.

## IX. TRANSFER OF NOTE

This Note may be transferred to a holder other than Lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. Lender will notify Borrower of any such transfer in writing.

## X. CANCELLATION

The obligation to repay the loan evidenced by this Note shall be cancelled:
(a) Upon submission to Lender of documentation of Borrower's death;
(b) Upon the acceptance by PHEAA of the statement of a physician verifying the total and permanent disability of Borrower;
(c) Upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy, provided that notice to Lender and to PHEAA of the filing of bankruptcy is received in sufficient time to permit PHEAA to participate in the bankruptcy.

## XI. DEFAULT

This Note may be declared in default at any time if it is determined that Borrower has failed to establish a repayment schedule as set forth in Section above or that Borrower has failed to make an installment payment when due, provided that Borrower's failure persists for (a) 120 days if payments are due in monthly installments, or (b) 180 days if payments are due in installments less frequently than monthly, or Borrower has failed to meet other terms of this Note under circumstances which the Pennsylvania Higher Education Assistance Agency (PHEAA) finds it reasonable to conclude that Borrower no longer intends to honor the obligation to repay. If Borrower defaults, Lender will request PHEAA to purchase the loan, in which event Borrower will owe the entire balance of the loan including interest directly to PHEAA. Lender or PHEAA may report Borrower's failure to pay the loan to any credit bureau with whom it has contracted to report credit information concerning defaulted student loans. If Borrower fails to repay the loan evidenced by this Note, either Lender, PHEAA, or the Federal Government may institute legal action to require Borrower to repay the loan. Default in repayment may also adversely affect Borrower's credit rating.

*For value received, we hereby assign all our right(s), title and interest in the within note to PHEAA Lender, without warranty and without recourse.*

*MARINE BANK*

## XII. GENERAL

A. Borrower shall receive an exact copy of this Note, the terms of which are to be interpreted in accordance with applicable Federal statutes and regulations regarding the Guaranteed Student Loan Program. Lender will make copies of applicable laws and regulations available for review upon Borrower's request.
B. Borrower agrees to use all of the proceeds of the loan evidenced by this Note solely for tuition and other reasonable expenses incurred by Borrower in attending an approved school. Borrower further agrees to observe and comply with all rules and regulations adopted by PHEAA relating to the Guaranteed Student Loan Program and to advise PHEAA and Lender promptly in writing of any change in name, address, school enrollment or deferment status, as described in paragraph (3) of the Statement of Borrower's Responsibilities appended hereto.
C. Borrower hereby authorizes Lender to make multiple disbursements of this loan, to make disbursements by check payable jointly to Borrower and the school where Borrower is enrolled, and to obtain information concerning Borrower's enrollment status and address from the school in which Borrower is enrolled. The loan check will require Borrower's endorsement, but, unless Borrower is attending a foreign school, the Lender may mail the check to the school.
D. Borrower acknowledges that pursuant to the Act of August 7, 1963, P.L. 549, Borrower is legally obligated to pay this Note even though he/she is less than twenty-one (21) years of age.

### STATEMENT OF BORROWER'S RIGHTS

(1) The academic grade level (annual) maximum loan amounts for full-time enrollment are: undergraduate students—$2,500 and graduate students—$5,000. Aggregate loan amounts for undergraduate students may not exceed $12,500, and graduate students may borrow up to $25,000 (including loans obtained at the undergraduate level). Students enrolled less than full time but at least half time may borrow up to one-half the annual loan amounts per academic year. These loan limits are subject to change at any time by federal or state legislation or by PHEAA.
(2) I may request that my Guaranteed Student Loans, as well as my National Defense/Direct Student Loans and Health Education Assistance Loans, be consolidated into one, longer-term loan to be made by the Student Loan Marketing Association (SLMA) if I have outstanding a total of more than $5,000 of these loans either (a) under more than one program, (b) from more than one lender, or (c) insured by more than one guarantor. Also, if I have outstanding Guaranteed Student Loans in excess of $7,500 from a single lender, I may request that SLMA consolidate them into a new loan. Additional details on how this would affect my payment schedule and interest rate are available from the Student Loan Marketing Association, 1055 Thomas Jefferson Street, N.W., Washington, D.C. 20007.
(3) I should investigate the availability of other forms of financial aid with the school's financial aid administrator. It may be to my benefit to determine my eligibility for grant, work-study and other sources of assistance before accepting a student loan. I understand that receipt of a Guaranteed Student Loan may eliminate or reduce any awards that I may receive from other programs.
(4) The Guaranteed Student Loan Program does not have provisions which enable this loan to be cancelled or forgiven in whole or in part for teaching or any other type of employment.
(5) I am not required to provide security for this loan. The lender may not require an endorser to sign the Promissory Note with Disclosure.

### STATEMENT OF BORROWER'S RESPONSIBILITIES

(1) I must use care in choosing a school. Each school must provide a prospective student with information about the school and its program. I will consider this information carefully before deciding to attend a specific school. I understand that PHEAA or the United States Government does not vouch for the quality of a school or its programs.
(2) I must repay the loan in accordance with the repayment schedule that the lender will give me prior to the time this note becomes due.
(3) I must notify the lender promptly, in writing, if any of the following events occur before the loan is repaid: (a) my failure to enroll in school for the period for which the loan was intended; (b) my withdrawal from school or my attendance in school on less than a half-time basis; (c) my transfer from one school to another school; (d) my graduation from school; (e) a change in my name (e.g., maiden name to married name); and (f) a change of my address. I further understand that I may be required to have the school verify my change in status.

If my lender has any additional limitations, the lender will provide me with a separate statement of those limitations.